ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| RENÉ IVÁN CRUZ RÍOS<br><br>Peticionario<br><br>v.<br><br>YANIRA MUÑOZ MUÑOZ<br><br>Recurrida | TA2025CE00402 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>K DI2018-0004<br><br>Sobre:<br>Alimentos |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 4 de septiembre de 2025.

Comparece René Iván Cruz Ríos ("señor Cruz Ríos" o "Peticionario"), por derecho propio, mediante recurso de *certiorari* y solicita la revisión de una determinación emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI"). En virtud del referido dictamen, el TPI le impuso al peticionario una pensión alimentaria mensual de $723.29.

Por los fundamentos que proceden, se desestima el recurso, por falta de jurisdicción.

**I.**

El 27 de agosto de 2025, el señor Cruz Ríos depositó en el correo un recurso de *certiorari*, recibido por esta Curia el 2 de septiembre de 2025. Mediante el presente recurso, cuestiona una pensión alimentaria de $723.29 impuesta por el TPI. Sostiene que la misma fue impuesta sin que el foro de instancia tomara en consideración su Planilla de Información Personal y Económica ("PIPE") o sus talonarios de trabajo. Alega que los referidos documentos serán presentados en una vista pautada para el 23 de octubre de 2025. Por tanto, solicita que se revoque la pensión alimentaria impuesta y se mantenga el anterior pago bisemanal de $109.00, hasta tanto se celebre la vista.

Examinado el recurso, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

## II.

### -A-

Es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018). Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires. Cordero et al. v. ARPe et al.*, 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, confiere facultad a este Tribunal, por iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág 109, 215 DPR __ (2025).

### -B-

Como es sabido, "[l]a apelación en nuestro sistema no es automática; presupone una notificación, un diligenciamiento y su perfeccionamiento". *Morán v. Marti,* 165 DPR 356, 367 (2005). En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse

rigurosamente. *García Ramis v. Serrallés*, 171 DPR 250 (2007), *Arriaga v. F.S.E.*, 145 DPR 122 (1998). Sobre el particular, nuestra más alta Curia ha expresado:

> El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado.
>
> *Morán v. Marti, supra.*

En lo aquí pertinente, la Regla 32 del Reglamento del Tribunal de Apelaciones dispone que el recurso de *certiorari* deberá ser presentado dentro de los treinta (30) días siguientes a la fecha en que se haya dictado la determinación recurrida. Regla 32 del Reglamento del Tribunal de Apelaciones, *op. cit.*, pág. 47.

Por otro lado, la Regla 34 de nuestro Reglamento regula todo lo relacionado al contenido de los recursos de *certiorari*. Regla 34 del Reglamento del Tribunal de Apelaciones, *op. cit.*, págs. 51-54. De manera particular, la referida regla establece que el escrito deberá contener lo siguiente:

> (C) Cuerpo
>
> (1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
>
>> (a) [...]
>>
>> (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.
>>
>> **(c) Una referencia a la decisión cuya revisión se solicita**, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari. [...]
>>
>> (d) Una relación fiel y concisa de los hechos procesales y materiales del caso.
>>
>> **(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia**.
>>
>> **(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.**
>
> [...]

(E) Apéndice

(1)  Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:

(a)  Las alegaciones de las partes, a saber:

(i)  […]

(ii)  en casos criminales, la denuncia y la acusación, si la hubiere.

(b)  **La decisión del Tribunal de Primera Instancia cuya revisión se solicita**, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

**(c)  Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.**

(d)  Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a esta. […]

(Énfasis suplido)

Cabe destacar también que las partes que comparecen por derecho propio no están exentas del cumplimiento de estas normas, puesto que el carácter de su comparecencia, por sí sola, no justifica el incumplimiento con las reglas procesales. *Febles v. Romar*, 159 DPR 714, 722 (2003).

**III.**

Según se desprende del escueto escrito, el peticionario nos solicita la revisión de una determinación mediante la cual el TPI le impuso el pago de una pensión alimentaria. Sin embargo, no hizo alusión a una resolución u orden recurrida o su fecha de notificación. Más aun, no incluyó una relación de hechos materiales y procesales, ni realizó señalamiento de error alguno. Como resultado, no nos colocó en posición para atender su reclamo o auscultar nuestra jurisdicción.

Conforme hemos discutido, nuestro Reglamento impone una serie de requisitos para el perfeccionamiento de todo recurso apelativo. Ante el craso incumplimiento con las reglas relacionadas al perfeccionamiento,

contenido y forma de los escritos de *certiorari,* nos vemos impedidos de asumir jurisdicción sobre el presente recurso.

**IV.**

Por los fundamentos que anteceden, se desestima el recurso de *certiorari,* por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones